**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 20-01328-JW |
| | Chapter 13 |
| Levy L Rice, | **ORDER DENYING MOTION FOR** |
| Debtor(s). | **RELIEF FROM STAY** |

      This matter comes before the Court upon the motion for relief from the automatic stay ("Motion") filed by 21st Mortgage Corporation ("Movant") on July 24, 2020. On June 17, 2020, the Court entered an Order Confirming Chapter 13 Plan ("Confirmed Plan") as to the plan proposed by Levy L. Rice ("Debtor") on May 22, 2020. The Confirmed Plan provided treatment of Movant's secured claim under the Conduit Procedure under Operating Order 20-08.[1] Movant did not file an objection to the terms of the Confirmed Plan and the treatment of its secured claim under the Conduit Procedure. The basis of Movant's Motion was that Debtor is not timely remitting payments to the Chapter 13 Trustee in accordance with the confirmed plan.

      On September 1, 2020, Movant filed a proposed settlement order providing that the Debtor shall timely make all future plan payments to the Trustee and that the failure to make a future payment by the last day of the month shall constitute a default, resulting in a further hearing to determine if relief from the stay is warranted. Movant's proposed settlement order also indicated that the Chapter 13 Trustee agreed to the settlement; however, the Trustee indicated to the Court that he had never agreed or consented to the proposed settlement order.

---

[1]     The Conduit Procedure, which benefits creditors by providing for the payment of ongoing maintenance payments on the creditor's claim through disbursements of the Chapter 13 Trustee and associated record keeping and enforcement of plan payments, is provided under Operating Order 20-08.

1

On September 4, 2020, the Court held a hearing on the Motion, attended by counsel for the Movant, counsel for Debtor and the Chapter 13 Trustee, and took the matter under advisement.

Movant seeks relief from the stay pursuant to 11 U.S.C. § 362(d)(1), which provides that the Court shall grant relief from the stay "for cause, including lack of adequate protection of an interest in property of such party in interest . . . ." "[B]ankruptcy judges have broad discretion to determine what constitutes 'cause' sufficient to warrant relief from stay," and the decision to grant relief is made on a case-by-case basis. *In re Ferguson*, C/A No. 11-02958-jw, slip op. at 6 (Bankr. D.S.C. May 31, 2012) (internal quotations omitted).

In *In re Lindsey*, C/A No. 19-06410-JW, slip op. (Bankr. D.S.C. Apr. 23, 2020), the Court addressed a pre-confirmation motion for relief filed by a secured creditor whose claim was treated under the Conduit Procedure In denying the request for relief in *Lindsey*, the Court noted that the creditor was adequately protected by the payments the debtor was now making to the Chapter 13 Trustee and by the plan supervision by the Chapter 13 Trustee, "who is assigned to make disbursements to all creditors and take proper enforcement action, including seeking dismissal of the Debtor's case, for nonpayment." *Id.* at 2–3.

Similarly, in the present matter, Debtor has continued to make payments to the Chapter 13 Trustee and the Movant is protected by the plan supervision of the Chapter 13 Trustee, who has fiduciary obligations to Debtor's estate and is assigned to diligently take proper enforcement action for Debtor's nonpayment, including asking the Court to dismiss the case, when it is appropriate. The Conduit Procedure is designed in reliance on the diligent acts of the Chapter 13 Trustee, and granting relief from the automatic stay is generally disfavored in such cases for the failure to timely pay the Chapter 13 Trustee unless the Trustee expressly consents to the relief or extraordinary and compelling reason to grant relief is demonstrated.

While Movant asserts that its collateral is a highly-depreciable as a basis for relief, no evidence was presented to support this assertion, nor does the Court find this assertion to be a compelling reason to deviate from the Trustee's enforcement authority under the Conduit Procedure and Operating Order 20-08.

Therefore, the Court finds Movant is adequately protected at this time and cause has not been demonstrated to permit relief from the automatic stay.[2] For the reasons, the Court denies Movant's Motion and rejects the proposed settlement order.[3]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
September 15, 2020

**FILED BY THE COURT**
**09/15/2020**



Entered: 09/15/2020

US Bankruptcy Judge
District of South Carolina

---

[2] Movant's Motion also requested for adequate protection under 11 U.S.C. § 363(e). As the Court finds Movant is adequately protected, the Court also denies Movant's request for adequate protection.

[3] The Court makes no findings or conclusions as to the attorney's fees incurred by Movant in filing the Motion. To the extent that Movant seeks to recover those attorney's fees from Debtor, Movant may timely file a Notice of Post-Petition Fees, Expenses and Charges pursuant to Fed. R. Bankr. P. 3002.1(c) and be subject to any motion to determine fees, expenses, or charges filed under Fed. R. Bankr. P. 3002.1(e).